UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALEXIS LOPEZ ROJAS,**

        **Petitioner,**

v.                                                  Case No. 6:26-cv-182-CEM-NWH

**WARDEN, ORANGE COUNTY JAIL, IMMIGRATION & CUSTOMS ENFORCEMENT (ICE), UNITED STATES DEPARTMENT OF HOMELAND SECURITY (DHS), ICE FIELD OFFICE DIRECTOR, ORLANDO FIELD OFFICE,**

        **Respondents.**
_____/

**ORDER**

THIS CAUSE is before the Court on Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Doc. 2) and Petitioner's Emergency Petition for Writ of Habeas Corpus (Doc. 1). The Court granted the Motion insofar as it sought a temporary restraining order ("TRO") and ordered Respondents to show cause as to why a preliminary injunction should not be granted. Respondents filed their Response (Doc. 11), and a hearing was held on February 5, 2026 (Min. Entry, Doc. 14).

## I.    BACKGROUND

Petitioner is a citizen of Venezuela. (Record of Deportable/Inadmissible Alien, Doc. 11-1, at 1). He was permitted to enter the United States on January 1, 2025. (*Id.* at 1–2). The Department of Homeland Security ("DHS") maintains that it terminated his permission on April 18, 2025. (*Id.* at 2).

On January 21, 2026, a Customs and Border Protection agent arrested Petitioner for being an inadmissible alien.[1] (Doc. 11-1 at 2). Petitioner was detained under 8 U.S.C. § 1225. On January 24, 2026, Petitioner filed this case, alleging that he was being detained unlawfully, and seeking immediate release. At the February 5, 2026 hearing, the Court announced its ruling from the bench. This Order memorializes the basis for that ruling.

## II.    ANALYSIS

In short, Petitioner argued his detention under 8 U.S.C. § 1225 was unlawful. This case is one of thousands being currently litigated across the country. The central disagreement is whether individuals who were permitted to enter the country can be detained under § 1225 or if the government must, instead, utilize § 1226.[2] This

---

[1] Respondents categorize this as Petitioner being detained "following a vehicle stop," (Doc. 11 at 2), but to be clear, Petitioner was pulled over because the agent ran his vehicle tag and determined that it was registered to Petitioner, who the agent identified as a noncitizen, (Doc. 11-1 at 2). Petitioner is not accused of any criminal activity beyond his immigration status.

[2] Respondents also make a cursory jurisdiction argument (Doc. 11 at 5), which consists of less than a sentence and provides no analysis. The Court will not consider such underdeveloped and unsupported arguments. Moreover, this argument appears to be universally rejected. *See*

distinction is important because the relevant provision of § 1225 does not require the government to conduct a bond hearing, while § 1226 does.

In general, "[§] 1225 applies to 'aliens seeking entry into the United States,'" while "[§] 1226 applies to 'aliens already present in the United States.'" *Rivero v. Mina*, No. 6:26-cv-66-RBD-NWH, 2026 WL 199319, at *3 (M.D. Fla. Jan. 26, 2026) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 296–306 (2018)). The relevant portion of § 1225 states: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." 8 U.S.C. § 1225(b)(2)(A).

Respondents argue that Petitioner remains "an alien seeking admission" despite the fact that he was permitted to enter the United States over a year ago. The Court need not reinvent the wheel. As Respondents concede, this argument has been rejected in the overwhelming majority of cases being decided across the country. *See Bethancourt Soto v. Soto*, -- F. Supp. 3d--, No. 25-cv-16200, 2025 WL 2976572, at *5 (D.N.J. Oct. 22, 2025) (engaging in a thorough statutory interpretation, explaining why the Board of Immigration Appeal decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) is not controlling, and collecting twenty-

---

*Guaiquire v. Quinones*, No. 6:26-cv-169-RBD-RMN, 2026 U.S. Dist. LEXIS 21745, at *6 n.5 (M.D. Fla. Feb. 3, 2026).

two cases across the country that came to the same conclusion); *Kashranov v. Jamison*, No. 2:25-cv-05555-JDW, 2025 WL 3188399, at *7 (E.D. Pa. Nov. 14, 2025) (engaging in a similar analysis and noting that "[s]everal district courts across the country have also rejected the Government's reading, holding that Section 1225(b)(2)(A) does not apply to individuals . . . who have already entered and resided in the United States for an extended period"); *Rivero v. Mina*, No. 6:26-cv-66-RBD-NWH, 2026 U.S. Dist. LEXIS 13724, at *6–10 (M.D. Fla. Jan. 26, 2026) (engaging in a similar statutory analysis and "join[ing] the many, many other[ courts] to conclude that mandatory detention under § 1225 does not apply to noncitizens who are already present in this country") *see also Reyes v. Rose*, No. CV 25-7138, 2026 WL 75816, at *1 n.2 (E.D. Pa. Jan. 9, 2026) (noting that "[a]s of January 5, 2026, '308 judges have ruled against the [Government's] mass detention policy—ordering release or bond hearings in more than 1,600 cases—[while] just 14 judges . . . have sided with the [Government's] position"). The Court adopts the statutory analysis in those cases and determines that Petitioner's detention under § 1225 is unlawful.

  The Court also declines to determine whether Petitioner should be detained under § 1226. Respondents continue to maintain that Petitioner was detained under § 1225. Respondents do not advance any argument that the Court should, or has the legal authority to, override this determination. It is not the Court's place to dictate to

the executive branch what statute they have detained someone under. It is only the Court's job to determine whether that detention is lawful. Here it is not.

## III. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) and the Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Doc. 2) are **GRANTED**.

2. Respondents are **DIRECTED** to immediately release Petitioner Alexis Lopez Rojas.

3. Respondents and all other persons or entities acting in active concert or participation with them, are **PERMANENTLY RESTRAINED** and **ENJOINED** from detaining Petitioner Alexis Lopez Rojas under 8 U.S.C. § 1225.

4. Respondents and all other persons or entities acting in active concert or participation with them, are **TEMPORARILY RESTRAINED** and **ENJOINED** from detaining Petitioner Alexis Lopez Rojas under 8 U.S.C. § 1226(a) until at least February 19, 2026.

5. If Respondents later detain Petitioner Alexis Lopez Rojas under § 1226(a), Respondents are **DIRECTED** to release him within ten days

of his detainer unless he is provided with a bond hearing before an immigration judge during that ten-day period.

6. The Court retains jurisdiction over this case. If Respondents fail to comply with this Order, Petitioner may move to reopen this case.

**DONE** and **ORDERED** in Orlando, Florida on February 6, 2026.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Office of the United States Attorney
400 W. Washington Street
Suite 3100
Orlando, Florida 32801
USAFLM.Orlando2241@usdoj.gov

Orange County Jail / Warden's Office (main office email):
michele.carpentieree@ocfl.net

Orange County Sheriff's Office – Legal Services (main office email):
so-as-legalservices@ocsofl.com; OCCDRecords@ocfl.net

Kristi Noem, Secretary,
Office of the General Counsel,
United States Department of Homeland Security
2707 Martin Luther King, Jr. Ave, SE
Washington, D.C., 20528

Garrett Ripa, Miami Field Office Director,
United States Immigration and Customs Enforcement
865 SW 78th Avenue
Suite 101
Plantation, Florida, 33324

United States Immigration and Customs Enforcement Field Office
Attn Assistant Field Office Directors
MIAAOR-Habeas-DG@ice.dhs.gov

Warden, Orange County Jail
Corrections Administration,
3273 Vision Blvd,
Orlando, Florida, 32839